CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 1 6 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| NELLIE VICTORIA LISLE, | ) |
| | ) Civil Action No. 7:12CV00610 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security, | ) By:  Hon. Glen E. Conrad |
| | )      Chief United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to establish entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Nellie Victoria Lisle, was born on August 10, 1968, and eventually reached the ninth grade in school. Ms. Lisle has worked as a housekeeper, landscape worker, paper inserter, pizza delivery person, salesperson, and waitress. Apparently, she last worked on a sustained basis in 2007. On November 13, 2008, Ms. Lisle filed applications for disability insurance benefits and supplemental security income benefits. Plaintiff alleged that she became disabled for all forms of substantial gainful employment on August 2, 2007, due to fibromyalgia, early stages of scoliosis, and multiple surgeries

Ms. Lisle now maintains that she has remained disabled to the present time. As to her application for disability insurance benefits, the record reveals that plaintiff met the insured status requirements of the Act through the third quarter of 2010, but not thereafter. See generally 42 U.S.C. §§ 416(i) and 423(a). Consequently, plaintiff is entitled to disability insurance benefits only if she has established that she became disabled for all forms of substantial gainful employment on or before September 30, 2010. See 42 U.S.C. § 423(a).

Ms. Lisle's applications were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated June 24, 2011, the Law Judge also determined that plaintiff is not disabled. The Law Judge found that Ms. Lisle suffers from several severe impairments, including myalgias/arthralgias and affective disorders. The Law Judge ruled that plaintiff's remaining impairments, including chronic obstructive pulmonary disease, and residuals from multiple abdominal surgeries, are not severe. Because of her various problems, the Law Judge found that Ms. Lisle is unable to perform any of her past relevant work roles. However, the Law Judge held that plaintiff retains sufficient functional capacity for a limited range of sedentary work. The Law Judge assessed Ms. Lisle's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) with the following exceptions. The claimant can lift or carry 5 pounds frequently, 10 pounds occasionally, cannot perform climbing or crawling, can only perform occasional bending, stooping, kneeling, and crouching, cannot work around respiratory irritants, hazards, or automobiles, would miss 10 to 12 work days per year, and is limited to simple, repetitive work tasks that only require limited public contact.

(TR 18). Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge determined that

Ms. Lisle retains sufficient functional capacity to perform several specific sedentary work roles which exist in substantial number in the national economy. Accordingly, the Law Judge ultimately concluded that Ms. Lisle is not disabled, and that she is not entitled to benefits under either federal program. See 20 C.F.R. §§ 404.1520(g) and 416.920(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Ms. Lisle has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Ms. Lisle has a history of various physical and emotional problems, including depression, chronic obstructive pulmonary disease, surgical residuals, back discomfort, and generalized pain and discomfort throughout her body. In 2010, a rheumatologist offered a diagnosis of fibromyalgia. While plaintiff's family physician has opined that Ms. Lisle is totally disabled, the court believes that the Administrative Law Judge reasonably relied on the reports from the rheumatologist and an evaluation from a consultative physician, which indicate that plaintiff retains sufficient functional capacity to engage in a wide range of activities. Ms. Lisle's

emotional problems present a somewhat closer question. Indeed, there is substantial indication that many of plaintiff's physical symptoms are attributable to her depression. However, the court must agree that the medical record does not document such severe and intractable mental health problems as could reasonably be expected to prevent performance of all forms of work activity. Stated differently, there is very little indication that, in more recent years, plaintiff's emotional problems have required anything more than conservative treatment as supplied by her family physician. Considering all these circumstances, the court must conclude that there is substantial evidence to support the Commissioner's determination that Ms. Lisle is not disabled for all forms of work activity. It follows that the final decision of the Commissioner must be affirmed.

On appeal to this court, Ms. Lisle contends that the Administrative Law Judge failed to give adequate consideration to the findings and opinions from her treating physician indicating that she is totally disabled for all forms of work. The medical record confirms that Ms. Lisle has received regular treatment from Dr. Linda T. Lastinger since 2008. Without question, Dr. Lastinger qualifies as a treating physician in plaintiff's case, within the meaning of 20 C.F.R. §§ 404.1527(c) and 416.927(c). On December 6, 2010, Dr. Lastinger completed a physical residual functional capacity questionnaire regarding her treatment of Ms. Lisle. Dr. Lastinger's responses indicate that Ms. Lisle is unable to perform any work on a sustained basis because of chest pain, abdominal pain, and arthralgias. Dr. Lastinger also noted complications based on depression, anxiety, and somatoform disorder. (TR 584-88).

The court must conclude that the Administrative Law Judge properly determined not to give great weight to Dr. Lastinger's medical evaluation. The court agrees that Dr. Lastinger's office notes simply do not document findings of severe and debilitating physical impairments. (TR 473, 590, 738).

4

Perhaps more importantly, the court concludes that the Law Judge reasonably accorded greater weight to the report of Dr. William Gruhn, the rheumatologist who saw Ms. Lisle at the behest of Dr. Lastinger. Dr. Gruhn treated plaintiff on several occasions in 2010. Although he diagnosed fibromyalgia, the rheumatologist indicated that plaintiff was properly medicated, and that she should engage in walking and water exercise to relieve her discomfort. (TR 769-70). While Dr. Gruhn detected tenderness and muscle spasm during several of his office examinations, he prescribed conservative treatment for plaintiff's complaints of discomfort. The court agrees that Dr. Gruhn's reports do not support a finding of total disability.

The Administrative Law Judge also relied on a consultative examination report from Dr. Robert Stephenson, an orthopaedic surgeon. Dr. Stephenson saw Ms. Lisle on March 21, 2011. Other than for some limitation of motion in plaintiff's back, Dr. Stephenson noted no significant objective findings. He listed his overall impressions as follows:

> Diffuse myalgias/arthralgias causing diffuse pain throughout the claimant's body including trunk and extremities. These diffuse myalgias may be caused by myofasciitis of unknown cause. The cause of the arthralgias is unclear, especially given that the claimant reports a previous significant rheumatoid evaluation all of which was negative. This examiner does not find confirmatory evidence of a diagnosis of fibromyalgia based on the American College of Rheumatology criteria for fibromyalgia. The claimant's subjective symptoms appear to outweigh her objective findings. This is further supported by the atypical pain that the claimant reports including constant pain in both eyes as well as in her breasts and chest wall and abdomen and throughout her entire body.
>
> The claimant also has a history of bipolar depression, by history. The claimant is under active treatment for this and based on evaluation today is doing relatively well with treatment. However, this examiner suspects that the claimant's depression is significantly contributing to the claimant's reported level of diffuse aches and pains as reported above.

(TR 776). In short, the court concludes that the Administrative Law Judge properly relied on the reports from Dr. Gruhn and Dr. Stephenson, as well as the clinical findings from Dr. Lastinger, in concluding that Ms. Lisle's physical problems are not so severe as to prevent performance of lighter forms of work.

The court also finds substantial evidence to support the Law Judge's determination that plaintiff's emotional problems, as referenced by Dr. Lastinger, are not so severe as to prevent performance of the work roles for which Ms. Lisle is otherwise physically capable. As noted by Dr. Stephenson, there is some indication that Ms. Lisle has a history of bipolar disorder. Plaintiff has been treated for emotional problems, primarily depression with some anxiety, over a period of many years. However, the report from Dr. Stephenson, and the clinical notes from Dr. Lastinger, indicate that plaintiff's symptoms are relatively well controlled with medication. There is simply no medical evidence which suggests that Ms. Lisle's condition has required regular involvement by any mental health specialists since the time of her alleged disability onset. The Administrative Law Judge also relied on the opinion from Dr. Howard Leizer, a psychologist, who reviewed all the evidence of record and concluded that plaintiff's emotional problems result in no more than only mild difficulties in social functioning. (TR 110).

Finally, the court concludes that the Administrative Law Judge properly relied on the testimony from a vocational expert in assessing plaintiff's capacity for alternate work activities. Indeed, the court believes that the Law Judge gave plaintiff the benefit of the doubt in formulating hypothetical questions for the vocational expert which assumed residual functional capacity for no more than sedentary levels of exertion. (TR 64-65). It appears to the court that the vocational expert's evaluation of the work-related factors, and the assumptions under which the expert deliberated, are both reasonable and consistent with the record in Ms. Lisle's case.

The court notes that on May 22, 2013, sometime after oral argument was scheduled in this case, Ms. Lisle submitted new medical evidence directly to the court. The new evidence consists of office notes from a regional mental health clinic. It seems that Ms. Lisle has recently sought treatment for

complaints of depression and anxiety. She now requests that these new reports be considered in support of her applications for disability insurance benefits and supplemental security income benefits. However, the court does not believe that the new reports are such as to support remand of plaintiff's case for additional administrative consideration. The new reports confirm a longstanding diagnosis of bipolar disorder 1, as well as depression and anxiety associated with her physical complaints and various situational difficulties. There is no indication that plaintiff's conditions were felt to warrant any different treatment plan in her case, and there is no basis upon which to conclude that the new reports document more serious mental health problems than those considered by the Administrative Law Judge. There is certainly no reason to believe that consideration of the new reports by the Administrative Law Judge would likely result in any different disposition in plaintiff's case. Accordingly, the court finds no cause for remand of this case to the Commissioner for consideration of new medical evidence. See Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985).

In summary, the court finds substantial evidence to support the Commissioner's final decision denying plaintiff's entitlement to disability insurance benefits and supplemental security income benefits. It follows that the final decision of the Commissioner must be affirmed.

In affirming the Commissioner's final decision, the court does not suggest that Ms. Lisle is free of pain, discomfort, depression, and anxiety. Indeed, the medical record confirms that plaintiff has severe problems which can be expected to result in significant symptoms. However, it must again be noted that the rheumatologist who has treated plaintiff's fibromyalgia did not suggest that plaintiff's condition is so severe as to prevent routine activities. Moreover, the clinical notes from plaintiff's treating physician do not suggest serious and disabling physical impairment. It must be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally

7

disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). It appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported by the medical record in adjudicating plaintiff's claims for benefits. Indeed, as previously noted, the court believes that the Law Judge gave Ms. Lisle the benefit of the doubt in crediting much of her testimony. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The Clerk is directed to send certified copies of this Memorandum Opinion to all counsel of record.

DATED: This 16th day of August, 2013.

/s/ Glen Conrad
Chief United States District Judge